**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GUADALUPE CARO,

          Petitioner - Appellant,

    v.

DALINDA HARMAN,

          Respondent - Appellee.

No. 12-55136

D.C. No. 2:06-cv-02432-GHK-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted September 1, 2015
Pasadena, California

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

    The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. Jose Guadalupe Caro, a state prisoner, appeals the

federal district court's denial of his habeas petition. We have jurisdiction under 28

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 2253, we review de novo, *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002), and we affirm.

I

The state court's conclusion that the in-field show-up procedure complied with the Constitution was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *Perry v. New Hampshire*, 132 S. Ct. 716, 724 (2012) (noting that due process concerns arise "when law enforcement officers use an identification procedure that is both suggestive and unnecessary"); *Manson v. Brathwaite*, 432 U.S. 98, 113–16 (1977) (holding that, if police procedures are unduly suggestive, identification will be excluded if its reliability does not outweigh corrupting influence of suggestive procedure); *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972); *Stovall v. Denno*, 388 U.S. 293, 302 (1967).

First, contrary to Caro's claim, the police did not attempt to sway the witnesses prior to the show-up. It is true that one of the witnesses—Jose Salamanca—testified at trial that the police didn't give him a choice when he was making his identification. But when asked whether he "pick[ed] out these guys just because someone told [him] to," he answered, "No." Salamanca also testified that he identified his attackers from memory and that he recognized the attackers' faces when he arrived at the show-up. Moreover, all three witnesses were properly

2

admonished prior to the show-up that the individuals gathered were not necessarily involved in the crime. Israel Uriarte testified that he felt no pressure to identify anyone. And Rigoberto Trinidad's testimony does nothing to support Caro's claim that the witnesses were pressured. According to Trinidad, the officers simply "ask[ed] us if those were the guys and ask[ed] me which guy did what."

Second, even though the witnesses made their identifications in each others' presence, there is no evidence that this influenced their decision. Uriarte identified only two of the three suspects (failing to identify Caro); Trinidad identified Caro and only one other suspect; and Salamanca identified all three. Officer Couso, who was in the car with the witnesses when they made their identifications, reported that the witnesses did not coach each other or tell one another who to point out. Uriarte confirmed this account when he testified that neither of his friends pointed anyone out to him during the show-up.

Finally, Caro complains of being called a "suspect," being handcuffed, the presence of police officers, there being only three men in the show-up, the presence of a BMX bicycle used in the crime, and the fact that Caro was the only man in the show-up wearing a blue sweater. None of these factors, individually or collectively, is unduly suggestive under clearly established federal law. Thus, Caro

is not entitled to habeas relief with respect to his due process claim. *See Perry*, 132 S. Ct. at 724–26.

## II

Caro next argues that his trial counsel was constitutionally deficient because he failed to challenge the admissibility of the identifications obtained at the show-up. Claims under *Strickland v. Washington*, 466 U.S. 668 (1984), brought in the AEDPA context are reviewed with "doubl[e]" deference. *See Harrington v. Richter*, 562 U.S. 86, 104–05 (2011). And because we reject Caro's due process claim, we similarly reject his claim that his attorney was deficient for failing to challenge the identifications. The state court's holding on this point was not contrary to or an unreasonable application of *Strickland*.

## III

We **GRANT** Caro's motion to expand the certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But Caro is unable to show that any error with regard to the exclusion of Saldana's testimony had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Fry v. Pliler*, 551 U.S. 112, 121–22 (2007). Even if Trinidad had been impeached, Salamanca's testimony would not have been

affected.  Salamanca identified Caro both at the show-up and at trial.  Moreover, Uriarte recognized Caro by his clothing even though he was not definitively able to remember Caro's face.

**AFFIRMED.**